UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC JACOBSON,

                Petitioner,

    v.

CHERYL STRANGE, et al.,

                Respondent.

CASE NO. 3:23-cv-05330-MJP-BAT

**ORDER RE: OBJECTION AND DENYING RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL**

Petitioner filed an Objection to the Court's order denying appointment of counsel in which he requests the Court reconsider the order. Dkt. 14 at 2. Motions for reconsideration are disfavored. Local Civil Rule 7(h). The Court will ordinarily deny a motion for reconsideration in the absence of a showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *Id*. For the reasons below, the Court finds no basis to reconsider its order denying appointment of counsel.

Petitioner requests reconsideration first arguing he has a Sixth Amendment right to counsel in a federal habeas proceeding. There is no Sixth Amendment right to counsel in a federal habeas corpus action by state prisoners. *Pennsylvania v. Finley*, 481 U.S. 551, 585 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to do so today."); *Knaubert v.*

ORDER RE: OBJECTION AND DENYING
RECONSIDERATION OF DENIAL OF
APPOINTMENT OF COUNSEL - 1

*Goldsmith*, 791 F.2d 722 (9th Cir.), cert. denied, 479 U.S. 867 (1986); (noting there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court).

Petitioner next argues counsel should be appointed citing to *Martinez v. Ryan*, 566 U.S. 1 (2021) and *Luna v. Kernan*, 592 F3d 917, 919 (9th Cir. 2010). Dkt. 14 at 1. Neither case supports appointment of counsel. Petitioner contends the *Martinez* Court "held that a court may be required to appoint counsel for an indigent petitioner in certain circumstances, including where the petitioner has a potentially meritorious claim, and the case presents complex issues." Dkt.14 at 1. The Supreme Court made no such holding. *Martinez* was represented by habeas counsel in his federal proceedings, and thus the Court never addressed the right to appointment of counsel in a federal habeas proceeding. *See Martinez v. Schriro*, 2008 WL 5220909 (9th Cir. D. Ariz. Dec. 12, 2008) (Robert D. Bartels representing *Martinez*); *Martinez v. Schriro*, 623 F.3d 731 (9th Cir. 2010) (Robert D. Bartels representing *Martinez*).

In *Luna v. Kernan* (which appears at) 784 F.3d 640, 642 (9th Cir. 2015) the Ninth Circuit did not hold, as Petitioner claims, that the district court erred in denying appointment of counsel because the petition raised potentially meritorious and complex claims. Rather, the Ninth Circuit noted that a Magistrate Judge determined "given the complexity of the legal issues involved, the interests of justice required appointment of counsel."

Neither case Petitioner cites alters the rule that a federal Court **may** appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)). An indigent state prisoners seeking habeas corpus relief is not entitled to appointed counsel and the Court

ORDER RE: OBJECTION AND DENYING
RECONSIDERATION OF DENIAL OF
APPOINTMENT OF COUNSEL - 2

retains the discretion to determine whether the circumstances of the particular case indicate appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Hence, unless an evidentiary hearing is necessary, the Court retains the discretion to appoint or not appoint counsel. *Knaubert v. Goldsmith*, 791 F.2d 722, 728-30 (9th Cir. 1986) (citing Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254).

The court's discretion to appoint counsel for indigent persons under 28 U.S.C. § 1915(e)(1) may be exercised only in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). A finding of exceptional circumstances demands "at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id*. (quotation omitted).

As the Court earlier noted in declining to appoint counsel, there is an insufficient basis to find an evidentiary hearing is necessary. Additionally, the state courts adjudicated Petitioner's claims on the merits and held an evidentiary hearing on his ineffective assistance of counsel claim. A federal evidentiary hearing is normally precluded under these circumstances, and thus cuts against appointment of counsel at this juncture. *See Cullen v. Pinholster*, 563 U.S. 170 (2011). If the Court later finds an evidentiary hearing is necessary, it will appoint counsel, then, if Petitioner is deemed financially eligible.

The Court also reiterates its earlier finding that Petitioner has not demonstrated the interests of justice require the appointment of counsel. Petitioner maintains his contention that counsel should be appointed because his claims are substantial and complex legal and involve mixed questions of lack and fact and that he "probably" needs experts to frame or prove his claims.

ORDER RE: OBJECTION AND DENYING
RECONSIDERATION OF DENIAL OF
APPOINTMENT OF COUNSEL - 3

In his habeas petition, Petitioner raises claims including: The Law enforcement undercover operation in which ads for persons interested in having sexual contact with children were posted was outrageous. Petitioner responded to the ad, expressed interest in having sex with a child and was arrested when he went to a location to for a prearranged meeting for the purpose of having sex with a child. Petitioner contends law enforcement violated his due process rights.

The prosecutor committed misconduct during trial by vouching for witnesses, comparing the bias of law enforcement witnesses and Petitioner, asking improper questions during voir dire; introducing or arguing facts not in evidence, misstating the law and using improper analogies, and making disparaging remarks about the defense.

Cumulative error denied Petitioner a fair trial, and substantial evidence does not support his convictions.

The community custody conditions precluding Internet use and possessing devices with Internet access violate his First Amendment rights.

And Petitioner's trial counsel was ineffective regarding communicating plea offers.

These claims are based upon the state court record. They are not factually complicated, and no do not raise novel, or complicated legal issues. Petitioner contends he fully litigated these claims both on direct appeal and in a personal restraint petition, and thus is already familiar with the legal and factual basis in support, and the state court decisions and orders denying him relief. The state court also held an evidentiary hearing on the effective assistance of counsel claim, and the factual determinations from that hearing are known to Petitioner.

The Court thus concludes that the claims and grounds for relief that Petitioner raises in his present habeas petition are not sufficiently substantial or complex to compel appointment of

ORDER RE: OBJECTION AND DENYING
RECONSIDERATION OF DENIAL OF
APPOINTMENT OF COUNSEL - 4

counsel. Further, as the Court earlier noted, the pleadings Petitioner has submitted show he is very familiar with his claims and is able to clearly present his claims.

Accordingly, the Court ORDERS:

(1) Plaintiff's request, contained in his Objection, that the Court reconsider the denial of the motion to appoint counsel, Dkt. 14, is **DENIED.**

(2) The Clerk shall provide a copy of this Order to the parties, and the assigned District Judge.

DATED this 12th day of May, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER RE: OBJECTION AND DENYING
RECONSIDERATION OF DENIAL OF
APPOINTMENT OF COUNSEL - 5